Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| CRISILDA MARÍA FRADERA TEJEDA, NICOLÁS FRADERA BURGOS, COMO MIEMBROS DE LA SUCESIÓN DE MARTA IRIS VALCÁRCEL TERUEL<br><br>Demandantes-recurridos<br><br>V.<br><br>JANICE FRADERA VALCÁRCEL T/C/C JANICE MONTALVO, COMO MIEMBRO DE Y ALBACEA DE LA SUCN.<br><br>Demandada-peticionaria | TA2026CE00822 | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de San Juan<br><br>Civil Núm. SJ2024CV11041<br><br>Sobre: DIVISIÓN O LIQUIDACIÓN DE LA COMUNIDAD DE BIENES HEREDITARIOS |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Rivera Torres y el Juez Marrero Guerrero.

**Hernández Sánchez, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 29 de junio de 2026.

### I.

El 27 de mayo de 2026, el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI) dictó una *Resolución Interlocutoria* que se notificó el 28 de mayo de 2026.[1] Mediante el aludido dictamen, el TPI, entre otras cosas, declaró Ha Lugar la *Moción para que se Ordene Descubrir lo Solicitado* que presentó la Sra. Crisilda María Fradera Tejeda (señora Fradera Tejada o recurrida) y No Ha Lugar la *Mocion en Cumplimiento de Orden y Petición de Orden a Parte Demandante* que presentó la Sra. Anice Fradera Valcarcel (señora Fradera Valcarcel o peticionaria).

En desacuerdo con este dictamen, el 12 de junio de 2026, la señora Fradera Valcarcel presentó una solicitud de

---

[1] *Véase*, Entrada Núm. 86, SUMAC TPI.

reconsideración.[2] Posteriormente, el 16 de junio de 2026, la señora Fredera Tejada presentó una moción en la cual solicitó un término de quince (15) días para presentar su oposición a la solicitud de reconsideración.[3] Atendida esta solicitud, el 17 de junio de 2026, el TPI dictó y notificó una *Orden* concediendo la prórroga solicitada.[4]

Sin haber transcurrido el término concedido a la recurrida para presentar su oposición a la reconsideración, el 25 de junio de 2026, la peticionaria presentó un *certiorari* intitulado *Recurso de Revisión* y formuló el siguiente señalamiento de error:

> **Erró el Honorable Tribunal de Primera Instancia al ordenar descubrimiento de prueba en cuanto a determinados legados dejados a su sobrina Janice en una sucesión que no cuenta con herederos forzosos.**

Así las cosas, el 26 de junio de 2026, la señora Fradera Tejada presentó una *Moción De Desestimación por Falta de Jurisdicción, y Solicitud de Costas y Honorarios por Temeridad*. En esta solicitó la desestimación del recurso de *certiorari* por falta de jurisdicción, al sostener que fue presentado prematuramente. Argumentó que, al momento de su presentación, aún estaba pendiente de resolución ante el TPI una moción de reconsideración presentada por la propia peticionaria y que el término para expresarse sobre esta aún no había vencido.

Asimismo, alegó que la peticionaria acudió a este Tribunal sin informar la existencia de dicha moción de reconsideración, pese a haberla presentado previamente ante el TPI. Por ello, solicitó la imposición de costas y honorarios de abogado, al entender que la presentación de un recurso prematuro constituyó una actuación temeraria que obligó innecesariamente a la parte recurrida a comparecer y litigar el asunto.

---

[2] *Véase*, Entrada Núm. 90, SUMAC TPI.
[3] *Véase*, Entrada Núm. 91, SUMAC TPI.
[4] *Véase*, Entrada Núm. 92, SUMAC TPI.

Examinado el recurso que nos ocupa, y con el propósito de lograr el "más justo y eficiente despacho" del asunto ante nuestra consideración, prescindimos de términos, escritos o procedimientos ulteriores. Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR __ (2025).

## II.

### -A-

La jurisdicción es la autoridad que posee un tribunal o un foro administrativo para considerar y adjudicar determinada controversia o asunto. *Pérez López y otros v. CFSE*, 189 DPR 877, 882 (2013). La falta de jurisdicción trae consigo las consecuencias siguientes:

> (a) no es susceptible de ser subsanada; (b) las partes no pueden voluntariamente conferírsela a un tribunal, como tampoco puede este arrogársela; (c) conlleva la nulidad de los dictámenes emitidos; (d) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (e) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso; y (f) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal motu propio. *MCS Advantage v. Fossas Blanco et al.,* 211 DPR 135, 145 (2023).

A tono con lo anterior, nuestro Tribunal Supremo ha expresado que los tribunales **"debemos ser celosos guardianes de nuestra jurisdicción", por lo que tenemos la indelegable labor de auscultarla, incluso cuando ello no se nos haya planteado**. (Énfasis nuestro). *Yumac Home v. Empresas Massó*, 194 DPR 96, 104 (2015). Así pues, "las cuestiones jurisdiccionales deben ser resueltas con preferencia, y de carecer un tribunal de jurisdicción lo único que puede hacer es así declararlo". *Pérez López y otros v. CFSE,* supra, pág. 883. Ello, ya que los tribunales no tenemos discreción para asumir jurisdicción donde no la tenemos. *Yumac Home v. Empresas Massó*, supra, pág. 103. Cuando este Foro carece de jurisdicción, procede la inmediata desestimación del recurso

apelativo. *Freire Ruiz v. Morales Román*, 2024 TSPR 129, 214 DPR ___ (2024).

De otra parte, un recurso presentado prematura o tardíamente priva insubsanablemente de jurisdicción y autoridad al tribunal ante el cual se recurre para atender el asunto, caso o controversia. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008). Estos tipos de recursos carecen de eficacia y no producen ningún efecto jurídico, pues, al momento de su presentación, su naturaleza prematura o tardía hace que el foro apelativo no tenga autoridad alguna para acogerlo. Íd. Conforme a lo que antecede, este Tribunal de Apelaciones puede desestimar, *motu proprio*, un recurso prematuro o tardío por carecer de jurisdicción.

**-B-**

La Regla 47 de Procedimiento Civil, 32 LPRA Ap. V, R. 47, preceptúa todo lo relativo a la solicitud de reconsideración. En lo pertinente al caso ante nos, la referida regla establece que la parte adversamente afectada por una orden o resolución del Tribunal de Primera Instancia podrá presentar, dentro del término de cumplimiento estricto de quince (15) días desde la fecha de la notificación de la orden o resolución, una moción de reconsideración. Íd.

Ahora bien, en lo referente a la interrupción del término para ir en revisión al foro apelativo intermedio, la referida regla procesal indica que "[u]na vez presentada la moción de reconsideración quedarán interrumpidos los términos para recurrir en alzada para todas las partes. Estos términos comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración". Regla 47 de Procedimiento Civil, *supra.*

III.

Como cuestión de umbral, nos corresponde atender el planteamiento jurisdiccional formulado por la parte recurrida. Según expusimos, la presentación oportuna de una moción de reconsideración ante el TPI interrumpe el término para recurrir en alzada, el cual comienza a transcurrir nuevamente únicamente cuando se notifica la resolución que dispone de dicha moción. Regla 47 de Procedimiento Civil, *supra.*

Del expediente surge que el 12 de junio de 2026, la peticionaria presentó una solicitud de reconsideración del dictamen recurrido. Posteriormente, el TPI concedió a la recurrida un término de quince (15) días para oponerse a dicha solicitud. No obstante, antes de que expirara el término concedido y, más importante aún, antes de que el TPI resolviera la moción de reconsideración, la peticionaria acudió ante este Tribunal mediante el recurso de *certiorari* de epígrafe.

En esas circunstancias, resulta evidente que el recurso fue presentado prematuramente. Mientras permanecía pendiente la consideración de la moción de reconsideración, el término para acudir en revisión ante este Tribunal se encontraba interrumpido, por lo que el recurso carecía de eficacia jurídica al momento de su presentación. En consecuencia, estamos impedidos de asumir jurisdicción para atender sus méritos, pues un recurso prematuro no confiere autoridad al foro apelativo para intervenir en la controversia. *Torres Martínez v. Torres Ghigliotty*, supra, pág. 98.

Así pues, procede declarar Ha Lugar la Moción de Desestimación por Falta de Jurisdicción presentada por la recurrida y desestimar el recurso por prematuro. Sin embargo, no procede acceder a la solicitud de imposición de costas y honorarios de abogado por temeridad. Si bien la presentación del recurso fue prematura y ello priva a este Tribunal de jurisdicción para atenderlo,

no surge del expediente fundamento suficiente que justifique concluir que la actuación de la peticionaria constituyó una conducta temeraria que amerite la imposición de tales sanciones.

IV.

Por los fundamentos antes expuestos, se declara Ha Lugar la Moción de Desestimación por Falta de Jurisdicción presentada por la recurrida y se desestima el recurso por prematuro. Asimismo, se declara No Ha Lugar la solicitud de imposición de costas y honorarios de abogado por temeridad.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones